ENRIQUETA. ACARÓN DE PALMER, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 742. Submitted November 21, 1928.—Decided February 15, 1929.

*José Sabater* for the appellant.

Mr. Justice Hutchison delivered the opinion of the court.

A registrar of property refused to record a contract of lease for a term of ten years, executed by an attorney in fact, upon the ground that the instrument was not accompanied by a power of attorney and, as to an undivided one-ninth interest in the leased property, upon the further ground that such undivided interest had been recorded in the name of a third person.

The lessee admits the existence of a defect in the description of the leased property, noted by the registrar, and concedes the correctness of the ruling as to the undivided one-ninth interest, but appeals from the refusal to record the agreement of lease as to the remaining eight-ninths.

Section 4 of "An Act to provide for appeals against the decisions of registrars of property," approved March 1, 1902, Comp. St. 2183, reads as follows:

"Informal defects, if capable of correction, shall not constitute a legal ground for refusing to record or to enter any document presented which constitutes a muniment of title or constitutes or removes a charge against real estate. The record of any such document shall contain a reference to the defects in it and if, at any subsequent time, a document be presented for the purpose of curing the defects existing in the previous document, it shall be recorded and a marginal note of the correction of the defect shall be made on the record or entry of the first document."

When a notarial instrument purports to have been executed by an attorney in fact and is presented for record in the registry of property, a failure to exhibit the power of attorney does not amount to an incurable defect. Such an omission is "capable of correction" within the meaning of the provision just quoted as construed by this court in the recent case of *Ramírez Prosperi v. Registrar of Property of San Germán,* 38 P.R.R. 691.

See also *Maestre* v. *The Registrar of Property,* 14 P.R.R. 661; *Gutiérrez* v. *The Registrar of Property,* 14 P.R.R. 598;

*Calenti* v. *The Registrar of Property*, 14 P.R.R. 671, and *Fano* v. *The Registrar of Property*, 15 P.R.R. 313.

In so far as the refusal to record the undivided eight-ninths interest is concerned the ruling appealed from must be reversed.